# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRANDON CAIN,

        Petitioner,               Case Number: 2:17-11319
                                                  HON. NANCY G. EDMUNDS

v.

MARK MCCULLICK,

        Respondent.
_____/

## OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Brandon Cain is a state inmate currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Petitioner does not identify the conviction(s) challenged or the claims raised. The petition will be dismissed without prejudice.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations

omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). *See also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

The instant petition fails to identify the conviction(s) challenged, the jurisdiction of conviction, or the claims raised. The Court will not guess what conviction Petitioner might be challenging or the grounds upon which he seeks relief. The petition will be dismissed without prejudice.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice and denies a certificate of appealability.

Accordingly, the petition for a writ of habeas corpus is DISMISSED WITHOUT

PREJUDICE and a certificate of appealability is DENIED.

SO ORDERED.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2017